UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE M.,<br><br>     Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Comm'r of Soc. Sec. Admin.,<br><br>     Defendant. | Case No. 19-cv-07720-JSC<br><br>**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 19, 22 |

Plaintiff seeks social security benefits for a combination of physical and mental impairments including scoliosis, arthritis in the knees, back, and hands, tendonitis in the wrists, depression, and migraine headaches. In accordance with 42 U.S.C. § 405(g), Plaintiff filed this lawsuit for judicial review of the final decision by the Commissioner of Social Security denying her benefits claim. Under 28 U.S.C. § 636(c), the parties consented to the jurisdiction of a magistrate judge, (Dkt. Nos. 10, 11), and submitted cross-motions for summary judgment. (Dkt. Nos. 19, 22.) Because the Administrative Law Judge's decision improperly weighed certain medical evidence, the Court GRANTS Plaintiff's motion, DENIES Defendant's cross-motion for summary judgment, and REMANDS for further proceedings consistent with this Order.

**BACKGROUND**

On October 31, 2015, Plaintiff filed an application for supplemental security income under Title XVI of the Social Security Act, alleging a disability onset date of January 1, 2010. (Administrative Record ("AR") 216–224.) At the time of her filing, Plaintiff was 50 years of age. (AR 540.) She was diagnosed with scoliosis at age 12, has a high school education, has no past relevant work experience as defined by 20 C.F.R. § 416.965, and has been homeless since 2012. (AR 30, 541–42.) After her applications were denied initially and upon reconsideration, she submitted a written request for a hearing before an Administrative Law Judge ("ALJ"). ALJ E.

ALJ is held a hearing on January 18, 2018, where Plaintiff amended her alleged disability onset date to February 6, 2015. (AR 22, 38–68.) A supplemental hearing was held on August 28, 2018. (AR 69–86.) On September 27, 2018, the ALJ issued a decision finding that Plaintiff was not disabled. (AR 22–32.)

In his decision, the ALJ found that Plaintiff had the severe impairments of scoliosis, degenerative disc disease of the lumbar spine, degenerative joint disease of the left knee, osteoarthritis of the left knee, specific learning disorder, unspecified depressive disorder, and unspecified neurocognitive disorder. (AR 24.) The ALJ also determined that these severe impairments "significantly limit [Plaintiff's] ability to perform basic work activities . . . ." (AR 24.) But, the ALJ concluded that Plaintiff's impairments—considered individually and in combination—did not meet or medically equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1 ("Listings"). (AR 24–26.) The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to:

> perform light work . . . except lift/carry 20 pounds occasionally and 10 pounds frequently; sit for 6 hours, stand/walk for 4 hours, and the option to sit or stand every 25 minutes for brief periods of time of up to 2 minutes but not be off task and not leaving the workstation; occasionally stoop, kneel, crouch, crawl, or balance; capable of simple routine tasks, simple decisions; occasional interactions with supervisors, coworkers (no tandem/team/group work), and public (superficial interaction such as greeting customers or directing a customer to the location of the nearest restroom); stable environment (meaning few changes, if any, in the day to day work setting and in the tools and/or work processes used to accomplish tasks).

(AR 26.)

Plaintiff filed a request for review with the Appeals Council that was denied, making the ALJ's decision final. (AR 1–3.) After the Appeals Council denied Plaintiff's request, Plaintiff sought review in this Court. (Dkt. No. 1.) In accordance with Civil Local Rule 16-5, the parties filed cross-motions for summary judgment, which are now ready for decision without oral argument. (Dkt. Nos. 19, 22.)

**ISSUES FOR REVIEW**

1. Did the ALJ err in weighing the medical opinion evidence?
2. Did the ALJ err in analyzing Plaintiff's mental impairments under the relevant 12.00

2

Listings criteria?

3. Did the ALJ err in determining Plaintiff's residual functional capacity?

## LEGAL STANDARD

Claimants are considered disabled under the Social Security Act if they meet two requirements. *See* 42 U.S.C. § 423(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). First, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Second, the impairment or impairments must be severe enough that they are unable to do their previous work and cannot, based on age, education, and work experience "engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). In determining disability, an ALJ employs a five-step sequential analysis, examining:

> (1) whether the claimant is doing substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment or combination of impairments that has lasted for more than 12 months; (3) whether the impairment meets or equals one of the listings in the regulations; (4) whether, given the claimant's residual functional capacity, the claimant can still do his or her past relevant work; and (5) whether the claimant can make an adjustment to other work.

*Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (internal quotation marks omitted).

An ALJ's "decision to deny benefits will only be disturbed if it is not supported by substantial evidence or it is based on legal error. Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks and citation omitted). Where evidence is "susceptible to more than one rational interpretation," a reviewing court must uphold the ALJ's findings. *Id.* In other words, "[i]f the evidence can reasonably support either affirming or reversing, the reviewing court may not substitute its judgment for that of the [ALJ]." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) (internal quotation marks and citation omitted). But, "a decision supported by substantial evidence will still be set aside if the ALJ did not apply proper legal standards." *Id.*

3

## DISCUSSION

**A. The ALJ's Weighing of the Medical Opinion Evidence**

In assessing medical opinion evidence, Ninth Circuit courts must "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non[-]examining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A treating physician's opinion is entitled to more weight than that of an examining physician, and an examining physician's opinion is entitled to more weight than that of a non-examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). "[T]he opinion of an examining [physician], even if contradicted by another [physician], can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record," and the ALJ "must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician." *Lester*, 81 F.3d at 830–31 (internal quotation marks omitted). And, "[a]n impairment or combination of impairments may be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (internal quotation marks omitted).

Plaintiff challenges the ALJ's weighing of the opinions of examining physicians Drs. Cohen and Wiebe and contends the ALJ failed to give specific and legitimate reasons supported by substantial evidence for assigning little weight to both opinions.

**1) Dr. Emily Cohen**

Overall, the ALJ assigned partial weight to Dr. Cohen's opinion, with great weight given to the portion of the opinion stating Plaintiff was capable of light work and partial weight given to Dr. Cohen's proposed postural limitations:

- limiting Plaintiff to two to four hours of walking/standing in an eight-hour workday;
- limiting Plaintiff to six hours of sitting out of an eight-hour workday with frequent breaks to stand every 30 minutes;
- prohibiting stooping, crawling, kneeling, crouching, or squatting;

- limiting bending of the lumbar spine to rarely;
- and, prognosticating that Plaintiff would have difficulty with pushing/pulling motions of her lower left extremity.

(AR 29, 572.)  The ALJ supported his assigning little weight to Dr. Cohen's proposed postural limitations with a solitary sentence stating: "[t]he clinical or diagnostic evidence does not support such restrictive limitations."  (AR 29.)

Plaintiff contends the ALJ failed to give specific and legitimate reasons supported by substantial evidence because the ALJ did not give a detailed and thorough summary of conflicting evidence to support his finding.  The Court agrees.  "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."  *Garrison v. Colvin*, 759 F.3d 995, 1012–13 (9th Cir. 2014).  Here, the ALJ's lone sentence explaining his finding lacks the required level of specificity because his reasoning gives only a conclusion and not the ALJ's "own interpretations [to] explain why [the ALJ], rather than the doctors', are correct."  *Id.* at 1012.  The ALJ failed to connect specific evidence in the record to his finding that the medical evidence did not support Dr. Cohen's proposed limitations.  In fact, the only other time the ALJ references Dr. Cohen is when the ALJ restates certain findings from Dr. Cohen's examination of Plaintiff and notes the *consistency* between Dr. Cohen's diagnosis and the various other medical opinions regarding Plaintiff's spine and left knee.  (AR 29.)

Defendant's motion for summary judgment identifies record evidence that could have supported the ALJ's finding, (Dkt. No. 22 at 8–9), but the Court may not rely on counsel's litigation-created rationalizations.  "Long-standing principles of administrative law require [this Court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) (citation omitted); *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (noting a reviewing court is "constrained to review the reasons the ALJ asserts.").  The same analysis applies to

5

1    Defendant's argument that Dr. McMillan's opinion itself constitutes a specific and legitimate
2    reason supported by substantial evidence for rejecting Dr. Cohen's limitations: the ALJ did not say
3    that was why he was discounting Dr. Cohen's opinion as to Plaintiff's postural limitations.
4    　　　In any event, Dr. McMillian opined that Plaintiff "would not be able to engage in activities
5    that require repeated stooping, kneeling, or crouching." (AR 354.) Dr. Cohen also opined that
6    Plaintiff could *not* engage in stooping, crawling, kneeling, crouching, or squatting. (AR 572.)
7    The ALJ's RFC, however, inexplicably finds that Plaintiff can engage in "occasional" stooping,
8    kneeling, crouching, or crawling. (AR 26.) Thus, even if the Court could consider Defendant's
9    post hoc rationalization for the ALJ rejecting Dr. Cohen's proposed postural limitations, such
10   rationale is not a specific and legitimate reason supported by substantial evidence.
11   　　　Accordingly, the ALJ did not provide specific and legitimate reasons supported by
12   substantial evidence for discounting Dr. Cohen's proposed postural limitations.
13   **2)  Dr. Katherine Wiebe**
14   　　　The ALJ gave little weight to Dr. Wiebe's opinion regarding Plaintiff's mental limitations
15   because the ALJ found her opinion: (1) internally inconsistent with contradictory findings, and (2)
16   inconsistent with the overall medical record of minimal mental health treatment yet no more than
17   moderate mental limitations despite the lack of such treatment. (AR 30.) Plaintiff challenges the
18   ALJ's reasons for assigning little weight to Dr. Wiebe's opinion and contends the ALJ failed to
19   provide sufficiently specific and legitimate reasons justifying the low weight given to Dr. Wiebe's
20   opinion. The Court agrees.
21   　　　First, nowhere in Dr. Wiebe's opinion does she categorize Plaintiff's mental assessment
22   results (the alleged "contradictory findings") and it is unclear what facts the ALJ relied on when
23   formulating this finding. The last two pages of Dr. Wiebe's report contain assessments of
24   Plaintiff's mental functioning and her mental abilities and aptitudes needed to do unskilled work.
25   (AR 553–54.) In the mental functioning assessment, of the 12 categories of mental functioning,
26   Plaintiff is classified as severe in six categories, moderate in three categories, mild in three
27   categories, and normal functioning in only one category. (AR 553.) In the mental abilities and
28   aptitudes assessment, Plaintiff is assessed as having marked limitations in seven categories and

United States District Court
Northern District of California

1    moderate limitations in six categories.  Thus, as Defendant concedes, the ALJ finding that Dr.

2    Wiebe found Plaintiff had mild to moderate mental limitations was erroneous.  (Dkt. No. 22 at

3    12.)

4           Second, the ALJ found Dr. Wiebe's opinion of Plaintiff's mental limitations inconsistent

5    with the overall medical record because the overall record showed minimal mental health

6    treatment yet no more than moderate mental limitations despite the lack of such treatment.  As

7    discussed above, the ALJ mischaracterized Dr. Wiebe's assessment of Plaintiff's mental

8    limitations.  Plaintiff cites *Nguyen v. Chater* for the proposition that a claimant should not be

9    blamed for a lack of mental health treatment.  100 F.3d 1462 (9th Cir. 1995).  As Plaintiff

10   correctly notes, in *Nguyen*, the Ninth Circuit cautioned that "it is a questionable practice to

11   chastise one with a mental impairment for the exercise of poor judgment in seeking

12   rehabilitation."  *Id.* at 1465.  But Plaintiff's reliance on *Nguyen* is misplaced because she cites no

13   evidence suggesting her failure to secure mental health treatment was attributable to any mental

14   illness rather than mere preference.  In fact, when questioned by her attorney at the first ALJ

15   hearing, Plaintiff testified that it was not hard for her to see a doctor on a regular basis and that it

16   was easy for her to go to therapy.  (AR 54.)  If there is no medical evidence that a claimant's lack

17   of treatment "was attributable to her mental impairment rather than her own personal preference,"

18   an ALJ may properly consider the claimant's failure to seek mental health treatment.  *See, e.g.,*

19   *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).

20          Plaintiff also contends the ALJ's analysis of Dr. Wiebe's opinion suffers from circular

21   reasoning because the ALJ's analysis begins with the faulty premise that Dr. Wiebe proposed

22   primarily marked limitations.  (AR 30.)  These so-called primarily marked limitations were then

23   compared to and found to be inconsistent with the overall medical record because of the

24   combination of two factors: a lack of mental health treatment and evidence of no more than

25   moderate mental limitations despite the lack of treatment.  It can reasonably be inferred from a

26   plain reading of the ALJ's finding that the ALJ's mischaracterization of Dr. Wiebe's proposed

27   limitations influenced his finding that the purported limitations were inconsistent with the overall

28   medical record.  Thus, the ALJ did not provide a specific and legitimate reason for discounting Dr.

Wiebe's opinion.

\*\*\*

In sum, the ALJ did not properly evaluate all the evidence in the record and his weighing of Dr. Cohen's and Dr. Wiebe's medical opinion evidence was not supported by substantial evidence and did involve legal error.

## B. The ALJ's Analysis of the Relevant Criteria Under Listings 12.00

The ALJ found that Plaintiff's physical impairments, considered singly and in combination, did not meet or medically equal listing 1.02 or 1.04. (AR 25.) Plaintiff does not challenge this finding and the Court deems any further review waived. The ALJ also found that Plaintiff's mental impairments, considered singly and in combination, did not meet or medically equal listings 12.04, 12.06, or 12.11. (*Id.*) Plaintiff asserts that the ALJ failed to evaluate the evidence and properly analyze her mental impairments under listings 12.04 (depressive disorder), 12.06 (anxiety disorder), 12.08 (personality disorder), and 12.11 (neurodevelopmental disorder) at step three of the sequential evaluation process. Specifically, Plaintiff argues the ALJ committed reversible error by failing to make any specific findings on the paragraph C criteria and completely ignoring Plaintiff's 12.08 argument under the relevant 12.00 listings.

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals any of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *Tackett*, 180 F.3d at 1098. "If a claimant has an impairment or combination of impairments that meets or equals a condition outlined in [the Listings], then the claimant is presumed disabled" without further inquiry. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) (citing 20 C.F.R. § 404.1520(d)). "An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment." *Id.* "A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so." *Id.* (citing *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990)).

In determining whether a claimant with a mental impairment meets a listed impairment, the ALJ must follow a special technique to evaluate the claimant's symptoms and rate her functional

limitations. 20 C.F.R. § 404.1520a(a). Specifically, the ALJ must consider: (1) whether specific diagnostic criteria are met ("paragraph A" criteria); and (2) whether specific impairment-related functional limitations are present ("paragraph B" and "paragraph C" criteria). 20 C.F.R. § 404.1520a(b). The criteria in paragraph A substantiate medically the presence of a particular mental disorder. 20 C.F.R. § 404, Subpt. P, App. 1 § 12.00(A)(2)(a). Alternatively, the criteria in paragraphs B and C describe impairment-related functional limitations that are incompatible with the ability to do any gainful activity. To meet or equal listing 12.04 (depressive disorder) or 12.06 (anxiety disorder), a claimant must satisfy (1) paragraphs A and B, or (2) paragraphs A and paragraph C. 20 C.F.R. § 404, Subpt. P, App. 1 § 12.00(A)(2). To meet or equal listing 12.08 (personality disorder) or 12.11 (neurodevelopmental disorder), a claimant must only satisfy the requirements of paragraphs A and B; listing 12.08 and 12.11 do not include paragraph C criteria. *Id.*

Plaintiff concedes she did not make any argument regarding the paragraph A criteria. (Dkt. No. 25 at 4.) Because the paragraph A criteria is a requirement for each Listing Plaintiff claims to be suffering from, her failure to provide any analysis on this issue forfeits her claim. Thus, the Court concludes that the ALJ did not err in his analysis of whether Plaintiff met or equaled Listings 12.04, 12.06, 12.08, and 12.11.

**C. The ALJ's RFC Determination**

Because the ALJ failed to offer specific and legitimate reasons based on substantial evidence for discounting the opinions of examining physicians Drs. Cohen and Wiebe, the ALJ's decision cannot stand. Given this, the Court need not consider Plaintiff's arguments regarding errors at Step 4 and 5 of the ALJ's analysis. The ALJ's weighing of the medical evidence go to the heart of the disability determination and are not harmless. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). The Court cannot say that the ALJ's errors in evaluating the medical evidence would not have altered the ALJ's RFC determination and thus the ultimate disability determination.

**D. Remand**

9

Plaintiff asks the Court to remand the case for the payment of benefits or, alternatively, for further proceedings. When courts reverse an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). A remand for an award of benefits is proper, however, "where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017) (internal quotation marks and citation omitted).

The first prong of the test is not satisfied here because the record has not been fully developed. There are outstanding issues that must be resolved before a final determination can be made given the Court's conclusion that the ALJ erred with respect to his weighing of the medical evidence regarding Plaintiff's mental functional capacity such that there is legally insufficient evidence in the record to support the ALJ's findings regarding Plaintiff's mental functional capacity.

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's motion and DENIES Defendant's cross-motion for summary judgment, and REMANDS for further proceedings consistent with this Order.

This Order disposes of Docket Nos. 19 and 22.

**IT IS SO ORDERED.**

Dated: March 26, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge